Filed 6/27/13  In re Peter S. CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re PETER S., et al., Persons Coming Under the Juvenile Court Law. | B243809, B245090<br><br>(Los Angeles County Super. Ct. No. CK90693) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>CYNTHIA S.,<br><br>     Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County.  Daniel Zeke Zeidler, Judge.  Affirmed.

Megan Turkat Schirn, under appointment by the Court of Appeal, for Defendant and Appellant

John F. Krattli, County Counsel, James M. Owens, Assistant County Counsel, Jessica S. Mitchell, Senior Associate County Counsel, for Plaintiff and Respondent.

_____

Cynthia S. (Mother) appeals from an order of the juvenile court awarding sole legal and physical custody of her four children to their respective fathers.[1] We affirm.

## FACTS AND PROCEEDINGS BELOW

At the time the dependency petition was filed in November 2011, Mother had four children: Peter S., age 13, Daniel S., age 11, Esther R., age 6, and David R., age 0 months. Mother and the children were living with Enrique R., the father of Esther and David. Mother shared physical and legal custody of Peter and Daniel with their father, Peter S., Sr.

The family came to the attention of the Department of Children and Family Services (DCFS) on November 5, 2011, approximately a week after David's birth, when Mother was admitted to a hospital complaining of abdominal pain. At the hospital Mother tested positive for methamphetamine.

A DCFS worker made a home visit the day after Mother was discharged from the hospital. Mother divulged to the worker that she had used methamphetamine on and off for approximately 10 years. She said she used the drug the first five months of her pregnancy with David but did not know that she was pregnant. Mother also admitted that she used methamphetamine just before she was hospitalized. Despite her history of methamphetamine use, Mother denied using the drug on a regular basis and denied that its use was dangerous. She told the worker that she heard using methamphetamine "cured cancer."

Enrique, the father of Esther and David, denied knowledge of Mother's current methamphetamine use or that she used the drug while she was pregnant with David.

---

[1] Mother also appealed from the court's order terminating dependency jurisdiction over the children but her failure to discuss that issue in her briefs forfeits the issue on appeal. (*Christoff v. Union Pacific Railroad Co.* (2005) 134 Cal.App.4th 118, 125.)

A few days after the home visit the DCFS filed a dependency petition as to all four children under Welfare and Institutions Code section 300, subdivision (b),[2] alleging that Mother had a 10-year history of illicit drug use, was currently using amphetamine and methamphetamine and marijuana, had used the former drugs during her recent pregnancy with David, had tested positive for methamphetamine a week after David's birth and that on prior occasions she was under the influence of amphetamine, methamphetamine and marijuana while the children were in her care. The petition, as amended by the court, also alleged that Enrique should have known about Mother's illicit drug use and was unable to protect the children. Finally, the petition alleged that Mother's drug use and Enrique's inability to protect the children "endangers the children's physical health and safety, placing the children at risk of physical harm, damage, danger and failure to protect."

The court held a detention hearing on November 10, 2011, and found a prima facie case had been established. The court removed the children from Mother's custody and released them to their respective fathers under the supervision of the DCFS. The release of Esther and David to Enrique was conditioned on Enrique and the children residing with the paternal great grandmother. The court also ordered Mother to submit to weekly random drug testing.

Between the detention hearing in November 2011 and the adjudication hearing in March 2012 Mother failed to appear for drug testing four times and repeatedly refused to meet with a DCFS investigator to make a statement regarding the case.

At the March 2012 adjudication hearing, Mother testified it had been "years" since she had used amphetamine or methamphetamine. She did not recall being tested for methamphetamine in November 2011 and had "no idea" why the test came back positive. She denied telling a DCFS worker in November 2011 that she had used methamphetamine on and off for approximately 10 years and had used it in the first

_____

**2**      All statutory references are to the Welfare and Institutions Code.

3

five months of her pregnancy with David. Mother also testified that she never told the DCFS worker that she believed methamphetamine cured cancer and that the worker was just "making that statement up."

The court sustained the petition under section 300, subdivision (b). It found true the allegations that Mother is a current user of illicit drugs which renders her "incapable of providing the children with regular care and supervision." The court ordered that the children remain in the custody of their fathers and that Mother receive family reunification services. Mother was ordered, among other things, to complete a drug and alcohol treatment program with weekly random and on-demand drug testing. The court awarded Mother monitored visitation with all four children. A six-month review hearing was scheduled for August 2012. The hearing was continued at Mother's request to October 2012.

Between the adjudication hearing in March 2012 and the six-month review hearing in October 2012, Mother tested positive for opiates, hydrocortisone, and alcohol in March 2012 and for amphetamine and methamphetamine in June 2012 and failed to appear for six other tests.

When Peter and Daniel returned from a weekend visit with Mother in April 2012 their father found among their belongings a bag of white powder that Mother, probably accidentally, sent home with them. The white powder turned out to be cocaine.

At the six-month review hearing Mother explained the March positive test was the result of taking Vicodin for a toothache and denied that she tested positive in June. She accused her former DCFS worker of engaging in "a lot of fabrications." She blamed Peter's father for instigating the dependency case by telling the DCFS that she had abandoned the baby, David, and was incapable of caring for him. Mother was not asked about the bag of cocaine.

The court found that returning the children to Mother would pose a substantial risk of harm to their physical and mental health. It concluded that Mother "has made no progress in the entire year that this case has been in the system . . . with her blaming it on

4

everyone else." The court terminated juvenile court jurisdiction over the children and granted the fathers sole legal and physical custody of the children. Mother was granted monitored visits with the children on specified days.

Mother filed appeals from the order terminating jurisdiction and the order granting custody to the fathers. We consolidated the appeals. (See fn. 1, *ante*.)

## DISCUSSION

The juvenile court's decision to terminate dependency jurisdiction and issue a custody order pursuant to section 362.4 is reviewed for abuse of discretion. (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318.) The court did not abuse its discretion in this case.

Mother relies heavily on our decision in *Destiny S.* for the proposition that the parent's use of illicit substances "'*without more*'" is not a sufficient basis for removing a minor from the parent's custody. (*In re Destiny S.* (2012) 210 Cal.App.4th 999, 1003 [methamphetamine and marijuana]; see also *In re Rocco M.* (1991) 1 Cal.App.4th 814, 826 [cocaine].)

In this case, however, there is more. Mother's inclusion of a bag of cocaine in her teenage sons' belongings, albeit inadvertently, suggests that when they visit her they are in an environment where drugs are kept and used. Moreover, Mother exposed her sons to an illicit drug and created a substantial danger the teenagers would experiment with its use. (Cf. *In re Rocco*, *supra,* 1 Cal.App.4th at p. 825 [inference of substantial risk of serious physical harm when child "placed in an environment allowing access to drugs" with nothing to prevent "succumbing to the temptation to ingest them"].)

5

**DISPOSITION**

The orders are affirmed.

<u>NOT TO BE PUBLISHED</u>.

ROTHSCHILD, J.

We concur:

MALLANO, P. J.

JOHNSON, J.

6