Filed 10/22/13  In re Mariah G. CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re MARIAH G., a Person Coming Under the Juvenile Court Law. | B247161 |
| | (Los Angeles County Super. Ct. No. CK97110) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | |
| Plaintiff and Respondent, | |
| v. | |
| JAVIER G., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Philip L. Soto, Judge.  Affirmed.

Joseph T. Tavano, under appointment by the Court of Appeal, for Defendant and Appellant.

John F. Krattli, County Counsel, James M. Owens, Assistant County Counsel, and William D. Thetford, Principal Deputy County Counsel, for Plaintiff and Respondent.

_____

Javier G. (father) appeals from the trial court's order asserting jurisdiction over Mariah G. based, in part, on its conclusion that father's use of marijuana placed the child at substantial risk of serious physical harm. (Welf. & Inst. Code § 300, subd. (b).)[1] He contends the evidence was insufficient to support the court's conclusion that his use of marijuana endangered the child, and its order that he participate in drug treatment programs and parenting courses. Respondent Department of Children and Family Services (Department) argues the evidence supports the jurisdictional finding, and that the trial court did not abuse its discretion. Finding the evidence sufficient to support jurisdiction based on father's conduct, we affirm the court's order regarding the counts alleged against him.

## FACTUAL AND PROCEDURAL SUMMARY

Minor Mariah G. was born in November 2009. When her parents first met, father Javier G. was 19 years old, and her mother was 18. Sometime after mother became pregnant, the two began living together. They separated some two years later, but reached an informal agreement that Mariah would live with her mother, and visit father every other weekend.

On October 10, 2012, reports of substance use by both parents led to a Department investigation of the family. Mother admitted using methamphetamine over the previous two years. She obtained the drug from friends, and her use was so heavy that sometimes she would remain under the influence for three consecutive days. After deciding to seek treatment, mother agreed that her sister would look after Mariah while she admitted herself to an inpatient rehabilitation program, which she did in late October 2012.

Meanwhile, in an interview with the Department, father admitted that he used marijuana every other weekend when Mariah was not visiting, and denied using it while she was in his care. On November 1, 2012, he tested positive for marijuana. He claimed that he had an expired medical marijuana card, but that he was waiting for a replacement California identification card in order to renew it. There is no evidence as to when the

---

[1]     All statutory references are to the Welfare and Institutions Code.

card expired, and no evidence other than father's oral claim that he ever had a card. Mariah remained with her aunt, and father agreed to a modified visitation plan with supervision.

In December 2012, mother tested positive for methamphetamine at the rehabilitation facility, and was terminated from the program. As a result, the Department removed Mariah from her mother's custody, ordered formal placement with her aunt, and filed a dependency petition pursuant to section 300, subdivision (b). In count b-1, the Department alleged Mariah was at risk of suffering serious physical harm or illness as a result of mother's history of substance abuse, and her current methamphetamine habit. In count b-2, it alleged that father's history of substance abuse, and his current use of marijuana, had the same effect. The Department cited father's November 2012 positive test for marijuana. The court ordered monitored visitation for the parents, three times per week, for three hours each, with reunification services.

In its jurisdiction and disposition report, the Department continued to focus on the parents' substance use. When a dependency investigator interviewed mother, she admitted to abusing methamphetamine, cocaine, and marijuana. She claimed father's use of marijuana caused him to become violent, emotional, and mentally unstable, and that it led to his refusal to work. Mother stated that father completed a 30-day rehabilitation program only after she made him attend.

Father tested positive for marijuana in January 2013. When he arrived for a meeting at the Department on January 22, 2013, the investigator noted a "strong odor of marijuana permeat[ing] from [his] person." Father said he used marijuana to help him sleep and cope with depression. Once again, father said he had an expired medical marijuana card, but this time he claimed it was because he did not have enough money to renew it. Father admitted to occasional physical altercations with mother, but police were never involved. Denying any drug abuse problems, he refused to enter a drug treatment program.

3

At the January 2013 jurisdictional hearing, father did not seek custody of Mariah. Instead, he sought only that Mariah's best interests be fulfilled, and that she remain with her aunt. The court focused on father's marijuana use, and noted legal ways to treat his depression, including therapy and prescription drugs. Because Mariah was a "very young child," the court found father's marijuana use presented "an impediment to being a good parent and role model to [Mariah] and to keep [her] safe."

The court sustained the jurisdictional allegations against the parents, removed Mariah from parental custody, declared her a dependent, placed her with her aunt, and ordered both monitored visits and reunification services for her parents. It also ordered father to participate in a drug rehabilitation program, submit to random drug testing, participate in individual counseling, and attend parenting classes. Father also was directed to participate in counseling in order to address his mental health, anger management, and domestic violence issues. Father filed a timely notice of appeal.[2]

## DISCUSSION

### I

Father argues we should reverse the order as to him, even though the unchallenged order as to mother will ensure that jurisdiction over his daughter remains. He claims he has been and will be prejudiced by the court's finding of jurisdiction based on his alleged conduct. We agree the jurisdictional finding is reviewable.

A reviewing court exercises its discretion to reach the merits of a challenge to a jurisdictional finding when it could be prejudicial to the appellant, potentially impact the current or future dependency proceedings, or pose consequences for the appellant other than jurisdiction. (*In re Drake M.* (2012) 211 Cal.App.4th 754, 762-763.) In *In re Drake M.*, a father challenged only the jurisdictional findings against himself, and not those found against the mother. (*Id.* at p. 757.) The court reasoned that the "outcome of this appeal is the difference between father's being an 'offending' parent versus a 'non-offending' parent." (*Id.* at p. 763.) Such a distinction could have "far reaching

---

[2] Mother is not a party in this appeal.

4

implications with respect to future dependency proceedings in this case and father's parental rights." (*Ibid.*) Even though jurisdiction over the child would remain in place due to the unchallenged findings against the mother, the court reviewed father's appeal on the merits. (*Ibid.*)

Father may be prejudiced by the trial court's findings in future dependency actions, and in related proceedings beyond this jurisdictional order. As in *In re Drake M.*, the court's findings regarding father's substance use and its efforts to classify him as an offending parent may impact future dependency actions regarding Mariah. (*In re Drake M.*, *supra*, 211 Cal.App.4th at p. 763.) The court's ruling that father would be unable to regain custody of her unless he completed the drug rehabilitation program demonstrates how its orders impact father beyond the jurisdictional finding. Thus, as in *In re Drake M.*, even though dependency jurisdiction over Mariah would remain if father's challenge were successful, we review his appeal on the merits. (*Ibid.*)

II

Father challenges the court's finding of jurisdiction over Mariah. He contends the evidence was insufficient to support the trial court's conclusion that his alleged conduct caused Mariah to suffer, or that it subjects her to a substantial risk of suffering serious physical illness or harm. We disagree.

Where a parent challenges the juvenile court's jurisdictional findings, we consider the entire record to determine whether substantial evidence supports the court's order. (*In re Drake M.*, *supra*, 211 Cal.App.4th at p. 763.) "[W]e resolve all conflicts and make all reasonable inferences from the evidence to uphold the court's orders, if possible. [Citation.] 'However, substantial evidence is not synonymous with any evidence. [Citations.] A decision supported by a mere scintilla of evidence need not be affirmed on appeal. [Citation.] Furthermore, "[w]hile substantial evidence may consist of inferences, such inferences must be 'a product of logic and reason' and 'must rest on the evidence' [citation]; inferences that are the result of mere speculation or conjecture cannot support a finding [citations]." [Citation.] "The ultimate test is whether it is reasonable for a trier of

5

fact to make the ruling in question in light of the whole record." [Citation.]'" (*In re David M.* (2005) 134 Cal.App.4th 822, 828, italics omitted.)

Section 300, subdivision (b) states the circumstances under which a court can exercise jurisdiction over a minor. In relevant part, it provides that jurisdiction is appropriate when the "child has suffered, or there is a substantial risk that the child will suffer, serious physical harm or illness, as a result of the failure or inability of his or her parent or guardian to adequately supervise or protect the child . . . or by the inability of the parent or guardian to provide regular care for the child due to the parent's or guardian's mental illness, developmental disability, or substance abuse." (§ 300, subd. (b).) For the juvenile court to assert jurisdiction, it must find by a preponderance of the evidence that Mariah suffered serious physical harm or illness, or is at a substantial risk of suffering such harm due to father's failure or inability to adequately protect or supervise her, or because of his inability to provide regular care due to substance abuse. (See *In re David M.*, *supra*, 134 Cal.App.4th at p. 829.)

Father argues the evidence was insufficient to support the court's finding of jurisdiction over Mariah, based on his unlicensed use of marijuana, as alleged in count b-2. He claims the court reviewed no evidence indicating that his use of marijuana harmed Mariah or placed her at risk of harm. In jurisdictional proceedings, courts examine whether children are subject to two distinct types of physical harm: (1) a specific hazard in the child's life, such as an abusive adult, and (2) the absence of adequate supervision or care that poses an inherent risk to the child's physical health and safety, where the child is of tender years. (*In re Rocco M.* (1991) 1 Cal.App.4th 814, 824.) A judicial finding that a parent is a substance abuser serves as prima facie evidence "of the inability of a parent or guardian to provide regular care resulting in a substantial risk of physical harm." Father does not appear to be a substance "abuser" as that term is defined in the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (4th ed. 2000) page 199, adopting that criteria for purpose of section 300, subdivision (b). (*In re Drake M.*, *supra*, 211 Cal.App.4th at p. 767; see also *id.* at p. 766.)

6

We agree that jurisdiction based only on the mere use of marijuana or other drugs by a parent "without any evidence that such usage has caused serious physical harm or illness or places a child at substantial risk of incurring serious physical harm or illness is unwarranted and will be reversed." (*In re Drake M.*, *supra*, 211 Cal.App.4th at p. 769, italics omitted; *In re Alexis E.* (2009) 171 Cal.App.4th 438, 453 ["[U]se of medical marijuana, *without more*, cannot support a jurisdiction finding that such use brings the minors within the jurisdiction of the dependency court."]; *In re Destiny S.* (2012) 210 Cal.App.4th 999, 1003, italics omitted ["undisputed" finding that a parent's use of marijuana or hard drugs, "'without more,' does not bring a minor within the jurisdiction of the dependency court"].) Courts consider a variety of factors when determining whether a parent's substance use endangers the child. In *In re Alexis E.*, the court found a father's legal use of medicinal marijuana placed his children at a risk of harm where he smoked in their presence, and became angry and engaged in corporal punishment while under the influence. (*In re Alexis E.*, at p. 453.)

Nevertheless, father's conduct indicates a risk of harm to Mariah that is sufficient to satisfy the juvenile court's finding by a preponderance of the evidence. Father admitted to regular marijuana use. During the three-month period of the Department's investigation of the family, father tested positive for marijuana twice. He showed up for a Department meeting with a strong odor of marijuana permeating from his person. More important, mother stated that he became angry and violent when under the influence. The evidence of his continued marijuana use while the Department investigated Mariah's care indicates, at a minimum, that these symptoms are likely to reoccur. The fact that father appeared for an important meeting with a Department investigator smelling of marijuana supports a reasonable inference that he would exercise similarly poor judgment when Mariah is in his care. We find the evidence before the juvenile court was sufficient for it to determine that father's use of marijuana posed a risk of serious physical harm, and conclude the Department satisfied its burden of demonstrating by a preponderance of the evidence that father's marijuana use created a risk of harm to Mariah. (*In re David M.*,

7

*supra*, 134 Cal.App.4th at p. 832 [finding the agency failed to meet its burden of demonstrating a risk of harm to the child].)

III

Father argues the trial court's order based on the jurisdictional finding against him amounts to an abuse of discretion.  He contends that because there was insufficient evidence to support the court's jurisdictional finding against him, the court's orders for drug rehabilitation and parenting classes should be reversed.  Since we find the evidence sufficient to support the court's order, we disagree.

During jurisdictional proceedings, a juvenile court "must order child welfare services for the minor and the minor's parents to facilitate reunification of the family." (*In re Christopher H.* (1996) 50 Cal.App.4th 1001, 1006; see § 361.5, subd. (a).)  In doing so, the "court has broad discretion to determine what would best serve and protect the child's interest and to fashion a dispositional order in accord with this discretion." (*In re Christopher H.*, *supra*, at p. 1006.)  But the court's discretion is not without limits. "The program in which a parent or guardian is required to participate shall be designed to eliminate those conditions that led to the court's finding that the child is a person described by Section 300." (§ 362, subd. (d).)  In other words, the court's orders must be designed to remedy the circumstances that led to its finding of jurisdiction.  "We cannot reverse the court's determination in this regard absent a clear abuse of discretion." (*In re Christopher H.*, at p. 1006.)

Given the appropriate finding of jurisdiction based on father's substance use, ordering participation in a drug rehabilitation program was a proper measure designed to remedy the problem and enable family reunification.  Accordingly, we find the trial court did not abuse its discretion.

8

## DISPOSITION

The order based on father's conduct, as alleged in count b-2, is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**

                                      EPSTEIN, P. J.

We concur:

WILLHITE, J.

MANELLA, J.

9