Filed 7/23/14  In re Kevin A. CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re KEVIN A. et al., Persons Coming Under the Juvenile Court Law. | B252467 (Los Angeles County Super. Ct. No. CK81191) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. PEARL G., Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Margaret S. Henry, Judge.  Reversed.

Kimberly A. Knill, under appointment by the Court of Appeal, for Defendant and Appellant.

John F. Krattli, County Counsel, Dawyn R. Harrison, Assistant County Counsel, and Aileen Wong, Deputy County Counsel, for Plaintiff and Respondent.

_____

Pearl G. (Mother) appeals from the juvenile court's October 3, 2013 jurisdictional order adjudging 13-year-old Kevin A. and five-year-old Joseph A. dependents of the court pursuant to Welfare and Institutions Code section 300, subdivision (b) (failure to protect).[1] B.A. (Father) is not a party to the appeal. We agree with Mother that there was no substantial evidence other than current drug use to support the juvenile court's jurisdictional findings or orders, and therefore reverse.

## BACKGROUND

### A. The initial referral and investigation

In July 2013, DCFS received a referral in which an unknown person alleged that Mother left the minors home alone for days, possibly without provisions. Also, Mother and her adult daughter, Amanda M., allegedly smoked "'crystal meth' together all the time."

Mother, her roommate Karen P., Joseph, and Kevin, denied to DCFS that Mother used drugs, left the minors unsupervised, or left the home for long periods of time. Mother stated she left the minors in the care of her roommate Karen or Father, who lived elsewhere. Kevin denied he was ever left to babysit Joseph or that Mother left the home for extended periods of time. The minors felt safe with Mother and Father and liked being with them. Mother also denied she used drugs with Amanda. Father denied Mother used illegal drugs, made inappropriate arrangements for the minors' care, or left the home for extended periods of time.

Mother and Karen agreed to participate in an on-demand drug test on August 7, 2013, but failed to show. Subsequently, Mother completed a drug test on August 16, 2013, with positive results for methamphetamine. Mother then admitted to DCFS she had consumed methamphetamine "four separate times while 'out at social events with friends.'" She said that the minors were in the care of Father on those occasions, she had never consumed drugs inside the home, and had never had the minors in her care while she was under the influence of methamphetamines. Mother denied having any substance

[1] Undesignated statutory references are to the Welfare and Institutions Code.

abuse problems and claimed she did not need drug treatment. Karen, who also agreed to drug test on August 17, 2013, failed to comply with that test and a subsequent drug test.

On September 6, 2013, the juvenile court ordered the minors detained and removed from the care of Mother. No concerns were reported on Mother's monitored visit in September 2013.

**B. The section 300 petition**

On September 6, 2013, DCFS filed a section 300 petition pursuant to subdivision, (b), alleging the minors came within the jurisdiction of the juvenile court. As sustained, the petition alleged Mother had a history of illicit drug use and was a current user of amphetamine and methamphetamine, which rendered her incapable of providing regular care and supervision of the minors. It alleged that on August 16, 2013, Mother had a positive toxicology screen for amphetamine and methamphetamine, and on prior occasions in 2013 Mother was under the influence of illicit drugs while the minors were under her care and supervision.

**C. The jurisdictional and dispositional report**

On October 3, 2013, DCFS reported the following. Referrals on the part of Father against Amanda and general neglect by Mother as to the minors were generated in 2001, 2010, and 2012. None of the referrals resulted in a sustained petition. Mother was convicted of driving without a license in 2001. Father was convicted of providing false information to a peace officer in 1992.

DCFS interviewed Kevin, who was dressed appropriately and well-groomed. Kevin stated that he felt safe under the care of Mother and Father and denied that Mother used illicit substances. He said Mother provided food and supervised him and Joseph. DCFS interviewed Joseph, who was also dressed appropriately and well-groomed. Joseph appeared happy and smiled throughout the interview. Joseph stated he had seen Mother's friends smoking cigarettes only. Both minors denied any abuse.

Mother had stable housing and said maternal grandmother was her support system. Mother denied a history of using illicit drugs, stating she had used amphetamine and methamphetamine only four times, specifically, in March, April, June, and August 2013.

3

The drugs were provided to her on social occasions when the minors were with Father for the weekend. She denied being home while under the influence. Mother said she had made bad decisions by befriending people with substance abuse problems. She wanted to reunify with the minors and was "looking to enroll in an outpatient program."

Father stated, "Since I met her I have never known anything about her using drugs. I suspected a little because I would see her go out a lot but that I have seen her do drugs no." Father believed that about four to six months previously Mother had been arrested when police "found drugs on her." Father also stated that when they were together, Mother "'goes out a lot and I was a scared of her because she'd come back acting weird.'"

## D. Last minute information

On October 3, 2013, DCFS submitted a last minute information to the court that showed Mother had been arrested on June 14, 2013, for possession of a controlled substance for sale. The matter ultimately was dismissed. Karen had been arrested on September 30, 2011, for possession of controlled substances and detained on April 12, 2013, for burglary.

## E. The jurisdictional and dispositional hearing

On October 3, 2013, pursuant to section 300, subdivision (b), the juvenile court adjudged the minors dependents of the court, ordered them removed from Mother's care and placed in the home of Father, ordered monitored visits, and ordered DCFS to provide Mother with family reunification services. Mother appealed.

## DISCUSSION

"A jurisdictional finding under section 300, subdivision (b) requires: "'(1) neglectful conduct by the parent in one of the specified forms; (2) causation; and (3) 'serious physical harm or illness' to the child, or a 'substantial risk' of such harm or illness."'" (*In re James R.* (2009) 176 Cal.App.4th 129, 135.)

Other than unsubstantiated charges previously made against Mother, the only adverse evidence submitted concerned current drug use by Mother and Karen. There was no evidence of neglectful conduct. Although Mother tested positive for

4

methamphetamine, she consistently stated she used methamphetamine on social occasions, out of the home and presence of the minors, and that she always provided for their care by leaving them with either Father or Karen when she went out. Father, Karen, and the minors all supported her statement and did not report neglectful conduct by Mother. The minors were well-cared for, appropriately dressed, and well-groomed. They denied any abuse and reported that they felt safe with Mother and Father and liked being with them. Mother had stable housing, support from maternal grandmother, and there were no concerns reported during her visits with the minors.

Even if evidence of neglectful conduct had been admitted to satisfy the first prong of the test under section 300, subdivision (b), there was no evidence to satisfy the remaining two prongs: causation of serious physical harm or illness to the child or any substantial risk of such harm. "The third element 'effectively requires a showing that at the time of the jurisdictional hearing the child is at substantial risk of serious physical harm in the future (e.g., evidence showing a substantial risk that past physical harm will reoccur).' [Citation.]" (*In re James R.*, *supra*, 176 Cal.App.4th at p. 135.) A parent's use, even of hard drugs, standing alone, is insufficient to satisfy the third prong. (*In re Destiny S.* (2012) 210 Cal.App.4th 999, 1003.) Rather, there must be evidence of a "specific, nonspeculative and substantial risk to [the minor] of serious physical harm." (*Ibid.*)

Applying the appropriate substantial evidence test (*In re Precious D.* (2010) 189 Cal.App.4th 1251, 1258–1259) and resolving all conflicts in the evidence, inferences and credibility determinations in favor of DCFS (*ibid.*), we have found no evidence of a prior incident of harm or any "specific, nonspeculative and substantial risk" to the minors. We are not convinced by DCFS's arguments that: (1) Mother put the minors at risk of harm because her statements regarding her drug use were inconsistent, (2) Father described her as "acting weird," leading to an inference of drug use, (3) Mother left the minors in the care of Karen, who was a likely drug user, or (4) methamphetamine creates psychological and physical effects on the user. DCFS's contentions that the minors will suffer serious physical harm by virtue of Mother's drug use are merely speculative and are based on

5

evidence of drug use, standing alone, contrary to our ruling in *In re Destiny S.*, *supra*, 210 Cal.App.4th 999.

## DISPOSITION

The October 3, 2013 jurisdictional order is reversed and all subsequent orders are vacated as moot.

NOT TO BE PUBLISHED.


MILLER, J.*

We concur:


ROTHSCHILD, P. J.


CHANEY, J.

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.