Filed 3/24/16  In re M.M. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re M.M., a Person Coming Under the Juvenile Court Law. | C078910 |
| SACRAMENTO COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, Plaintiff and Respondent, v. T.M., Defendant and Appellant. | (Super. Ct. No. JD235339) |

T.M. (mother) appeals from the judgment of disposition removing minor M.M. from her custody.  (Welf. & Inst. Code, §§ 300, subd. (b), 360-361.)[1]  Mother contends (1) insufficient evidence supported the juvenile court's finding of jurisdiction, because there is no causal connection between mother's mental condition and a substantial risk of

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

1

serious physical harm to minor, and (2) if this court reverses the juvenile court's jurisdictional finding, it must also reverse the juvenile court's dispositional findings.

We conclude substantial evidence supports the juvenile court's finding that mother's mental health condition placed the minor at substantial risk for physical harm, and that the juvenile court properly asserted jurisdiction over minor. As a result, defendant's second contention also fails. We will affirm the judgment.

BACKGROUND

The Sacramento County Department of Health and Human Services filed a section 300 petition in October 2014 on behalf of the then seven-year-old minor, alleging mother was unable to provide regular care for minor due to mother's untreated mental health problems. (§ 300, subd. (b).) The juvenile court ordered emergency detention.

Mother was diagnosed with bipolar disorder, obsessive compulsive disorder (OCD), and post-traumatic stress disorder (PTSD). She had hallucinations and erratic behavior. The social worker said mother spoke rapidly and had difficulty focusing on a single idea.

Minor was aware her mother saw and heard people who were not there. Minor stated she does not feel safe when mother " 'acts crazy and makes me scared' and says things that are not really going to happen." Minor once climbed a tree to verify mother's claims of people climbing on the roof.

Mother admitted her diagnoses but otherwise appeared to be in denial about her mental illness. Although mother reported taking Zoloft every day, she was not compliant with her prescription medication. Mother needed to take the anti-psychotic drug Seraquil daily, but she only took it on an "as needed" basis, most recently in August 2014. Mother's case worker reported Zoloft alone is not sufficient to address mother's symptoms and diagnoses, and unless mother managed her symptoms, it would be difficult to move forward in her life. Mother also denied needing counseling, describing her mental illness as "help[ing] [her] parenting."

Mother had difficulty finding housing after moving out of her friend Homer Johnson's house in August 2014. Mother and minor temporarily resided in motels and various homes of friends and relatives. Minor was worried mother would "take her to somewhere that's bad," like Johnson's house, because mother and Johnson regularly fought. Although minor never said Johnson sexually abused her, mother believed he did.

Due to their frequent moves, minor attended three different schools between August and October 2014. According to mother's roommate, mother also kept minor home from school for no reason. Minor said mother did not help her wake up in the morning and often caused her to be late.

A maternal aunt and mother's roommate both reported that mother was likely abusing illegal drugs, including marijuana and methamphetamine. The maternal aunt also described mother attempting to drive with minor in a car even though mother was likely under the influence. When the social worker suspected mother was under the influence and asked mother to take a drug test before driving with minor, mother refused.

According to mother's roommate, in November 2014 mother became violent and attacked the roommate. Mother was arrested and placed on a psychiatric hold by law enforcement. Mother's roommate planned to evict mother.

At the contested jurisdiction hearing on March 4, 2015, mother and father both attended. Mother argued her mental illness did not put the child at risk. The juvenile court sustained the petition by a preponderance of the evidence. On March 25, 2015, the juvenile court adjudged minor a dependent child of the court and ordered removal of minor from mother. The juvenile court also ordered services for mother and father. Father did not object and is not a part of this appeal.

DISCUSSION

Mother contends the juvenile court should not have asserted jurisdiction over minor because there was no causal connection between mother's mental condition and a

3

substantial risk of serious physical harm to minor.  Mother further contends the jurisdictional error prevents the juvenile court from removing minor.  We disagree.

A child is within the jurisdiction of the juvenile court if "[t]he child has suffered, or there is a substantial risk that the child will suffer, serious physical harm or illness, as a result of the failure or inability of his or her parent or guardian to adequately supervise or protect the child, . . . or by the inability of the parent or guardian to provide regular care for the child due to the parent's . . . mental illness . . . or substance abuse." (§ 300, subd. (b)(1).)

"We review the [juvenile] court's jurisdictional and dispositional findings for substantial evidence.  [Citations.]  Evidence is ' "[s]ubstantial" ' if it is ' " 'reasonable, credible, and of solid value.' " ' [Citation.]  We do not pass on the credibility of witnesses, attempt to resolve conflicts in the evidence or weigh the evidence.  Instead, we draw all reasonable inferences in support of the findings, view the record in favor of the juvenile court's order and affirm the order even if other evidence supports a contrary finding.  [Citations.]  The appellant has the burden of showing there is no evidence of a sufficiently substantial nature to support the findings or order.  [Citation.]" (*In re T.W.* (2013) 214 Cal.App.4th 1154, 1161–1162.)

Mother relies on *In re Jesus M.* (2015) 235 Cal.App.4th 104 (*Jesus M.*) in support of her claim that there is no substantial evidence to support the jurisdiction findings.  In *Jesus M.*, the father historically committed acts of domestic abuse against the mother, but for many years he had "restricted his misconduct to harassing [the mother] and denigrating her to the children." (*Id.* at p. 112.)  Although the children had likely suffered emotional injury, they were not scared of the father, and there was no evidence of risk of physical injury.  Because section 300, subdivision (b) does not provide for jurisdiction based on emotional harm, the court of appeal determined there was no substantial evidence supporting the jurisdictional finding.  (*Ibid.*)

In contrast, here there was substantial evidence mother's mental illness prevented her from providing regular care and placed minor at substantial risk of physical harm. Unlike the children in *Jesus M.*, here mother's hallucinations and erratic behavior scared minor. (*Jesus M., supra*, 235 Cal.App.4th at p. 110.) Mother's mental illness also caused minor to engage in behavior such as climbing trees to see if anyone was on the roof. Mother's mental illness also prevented her from finding stable housing for her and minor, and minor was worried mother would take them to another "bad" living situation. In addition, mother was unable to provide consistent schooling for minor, including switching schools and failing to have minor attend regularly.

Mother was unable to properly address her mental health issues. She was not compliant with her prescription medication and she denied needing counseling. Moreover, mother's arrest and psychiatric hold due to the violent attack on her roommate in November 2014, indicate mother's symptoms appeared to be worsening, increasing the potential for risk to minor.

Of course, there was other evidence -- whether or not related to mother's mental condition -- indicating that mother placed minor at substantial risk for physical harm. There was evidence mother was abusing drugs but refused to drug test. There was also evidence mother drove or attempted to drive with minor in the car while under the influence, indicating that mother's illegal drug use placed minor at risk. (See *In re Cole Y.* (2015) 233 Cal.App.4th 1444, 1454-1455 [finding substantial evidence of serious risk of physical harm to child where father had a history of drug abuse and was a current abuser of drugs, and child was younger and less able to protect himself from physical hazards of accessible drugs and drug paraphernalia]; see also *In re Destiny S.* (2012) 210 Cal.App.4th 999 [finding insufficient evidence to support jurisdiction where mother's admitted drug use did not cause her to neglect child, and mother had three negative drug tests prior to the disposition hearing].) But even without this evidence, there is substantial evidence supporting the juvenile court's finding that mother's mental

health condition placed minor at substantial risk for physical harm.  The juvenile court properly asserted jurisdiction over minor.  Accordingly, defendant's second contention also fails.

DISPOSITION

The judgment is affirmed.



Mauro, J.

We concur:

/S/
Butz, Acting P. J.

/S/
Hoch, J.