Filed 11/14/23  In re P.R. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re P.R. et al., Persons Coming Under the Juvenile Court Law. | B318404 (Los Angeles County Super. Ct. No. 21CCJP05358A–C) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>JOSE R.,<br><br>        Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Peter R. Navarro, Temporary Judge.  Affirmed in part, dismissed in part.

Gina Zaragoza, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, Navid Nakhjavani, Deputy County Counsel, for Plaintiff and Respondent.

_____

## I.  INTRODUCTION

Jose R., father of P.R. (born 2004), B.R. (born 2006), and J.R. (born 2008) appeals from the juvenile court's jurisdiction and disposition orders.  We will dismiss the appeal as moot regarding P.R., and otherwise affirm.

## II.  BACKGROUND

A.    *Dependency Petition*

On November 23, 2021, the Los Angeles County Department of Children and Family Services (Department) filed a Welfare and Institutions Code[1] section 300 petition that alleged, as later sustained under subdivision (b), father had a history of violent and assaultive behavior and had broken four televisions and a fireplace glass in the children's presence; and father had a history of substance abuse and was a current abuser of alcohol and was under the influence of alcohol in the presence of the children.

_____

[1]    Further statutory references are to the Welfare and Institutions Code.

2

On October 28, 2021, mother told a social worker that father had previously engaged in emotional, but not physical, abuse.  Father had a history of alcohol abuse.  He would leave home for days to weeks at a time and return home drunk.  Upon his return, father would insist that he be served dinner and curse and yell at mother and the children.  Mother would respond by asking the children to remain in their rooms.  Father had always abused alcohol, but he had become more aggressive in the past year.

Mother explained that on October 18, 2021, father left home for about two days and returned inebriated.  Father yelled at mother and the children before falling asleep.  He left home again a few days later and when he returned on October 27, 2021, at around 3:00 p.m., rather than use his house key, he banged on the front door and insisted that he be allowed in.  One of the children opened the door.  Father yelled and demanded dinner.  When father broke one television, mother and the children left the home and mother called the police.  Father ultimately broke four televisions and glass on a fireplace.  He made "a lot of ruckus."  The children did not observe father breaking the televisions.  By the time the police arrived, father had left the home.  The police informed mother they could not arrest father for breaking his own property.  Mother obtained an emergency protective order protecting her and the children from father.

The children confirmed mother's description of father's conduct.  B.R. and J.R. stated they were afraid of father when he was drunk.  P.R. did not feel safe when father was under the influence of alcohol.

3

Mother reported a prior incident of domestic violence that occurred one year prior.[2]  The family had completed services to address the incident.

On December 21, 2021, a dependency investigator interviewed mother.  Mother explained that the incident on October 27, 2021, was the first in which father had broken items.  Mother attempted to get a restraining order against father, but law enforcement was unable to locate him.

The children also reiterated their prior statements regarding father.  P.R. reported that father was more verbally aggressive when he drank alcohol.  On October 27, 2021, P.R. heard, but did not see, father breaking items.  According to B.R., father became a different person when he was under the influence of alcohol.  B.R. was comfortable with father unless he was under the influence of alcohol.  Finally, J.R. was afraid of father when he was under the influence of alcohol.

On January 26, 2022, father told a social worker that when he broke the televisions, he was acting in a "'moment of anger.'"  Father was "triggered" by mother's friend, who had asked father to keep his voice down.  Father was angry that a stranger told what to do in his own home.  Father became even more upset when mother told him to leave because the friend was watching television in their home.  Father admitted to drinking in the past but denied reacting violently or aggressively in front of the children.  Father was aware that he needed help and agreed to participate in Alcoholics Anonymous classes and drug testing.

Father admitted that for the past three or four years, he had been consuming too much alcohol.  He consumed the alcohol

_____

[2]     The Department had received a referral on October 10, 2020, concerning allegations of physical abuse.

4

because he was in pain from having had two surgeries on his shoulder and pain in his hip.  Based on the recent incident, father was aware that he needed help.

B.    *Adjudication/Disposition Hearing*

On February 3, 2022, the juvenile court sustained the section 300 petition as set forth above, declared the children dependents of the court, removed them from father's custody, and placed them with mother.  The court also ordered that father complete a domestic violence program, individual counseling to address domestic violence, a parenting program, and a substance abuse program.

Father timely appealed.

While father's appeal was pending, on August 4, 2022, the juvenile court terminated jurisdiction over P.R., who had reached the age of majority.  On August 11, 2022, the court terminated jurisdiction over B.R. and J.R.  That same date, the court issued final judgment and custody orders that granted mother physical custody of B.R. and J.R. and father supervised visitation.  In explaining the reasons for the supervised visitation order, the court noted that father had not made substantial progress in domestic violence counseling, substance abuse treatment, and individual counseling.[3]

---

[3]    There is no record of father having appealed from the August 11, 2022, order.  Generally, once a juvenile court terminates jurisdiction, an appeal from an earlier order is moot. (*In re Rashad D.* (2021) 63 Cal.App.5th 156, 163.)  Here, the appeal is moot as to the orders regarding P.R. as she has aged out of dependency jurisdiction.  Regarding B.R. and J.R., even if the

# III.  DISCUSSION

## A.  *Jurisdiction Order*

Father contends that insufficient evidence supports the juvenile court's jurisdiction order.  "'In reviewing the jurisdictional findings and the disposition, we look to see if substantial evidence, contradicted or uncontradicted, supports them.  [Citation.]  In making this determination, we draw all reasonable inferences from the evidence to support the findings and orders of the dependency court; we review the record in the light most favorable to the court's determinations; and we note that issues of fact and credibility are the province of the trial court.'"  (*In re R.T.* (2017) 3 Cal.5th 622, 633.)

As relevant here, for a child to be found a dependent of the juvenile court under section 300, subdivision (b), the court must find:  "(1)  The child has suffered, or there is a substantial risk that the child will suffer, serious physical harm or illness, as a result of any of the following:  [¶]  . . .  [¶]  (D) The inability of the parent . . . to provide regular care for the child due to the parent's . . . substance abuse."

Substance abuse alone is insufficient to show that a child is at a substantial risk of serious physical harm or illness.  (*In re J.A.* (2020) 47 Cal.App.5th 1036, 1046; *In re Drake M.* (2012) 211 Cal.App.4th 754, 764, disapproved on other grounds in *In re D.P.* (2023) 14 Cal.5th 266, 283; *In re Destiny S.* (2012) 210 Cal.App.4th 999, 1003; *In re Alexis E.*, *supra*, 171 Cal.App.4th at

---

appeal were otherwise moot, for father's benefit, we describe why his appeal is without merit.  (*In re Alexis E.* (2009) 171 Cal.App.4th 438, 451.)

p. 453.) A parent's substance abuse may support a finding of jurisdiction if such use satisfies the statutory standard of a substantial risk of serious physical harm. (*In re J.A., supra*, 47 Cal.App.5th at p. 1046.)

Father, citing *In re Drake M., supra*, 211 Cal.App.4th at page 766 in support, argues that the juvenile court's jurisdictional finding was not supported by substantial evidence because father has not been diagnosed with a substance abuse problem and does not meet the definition for the disorder as set forth in the Diagnostic and Statistical Manual of Mental Disorders. We disagree.

The record amply demonstrates that father had a problem with substance abuse. Father's use of alcohol caused him to be absent from home days to weeks at a time. And, when he returned home drunk, he verbally abused mother and the children. (See *In re Rebecca C.* (2014) 228 Cal.App.4th 720, 726 [substance abuse shown by "evidence of life-impacting effects of drug use"].) Moreover, there was a nexus between father's alcohol abuse and his violence as demonstrated by his conduct of destroying four televisions and a fireplace glass. Indeed, the children were afraid of father when he drank alcohol. Although there is no evidence that father had physically harmed the children while under the influence of alcohol, "[t]he juvenile court 'need not wait until a child is seriously abused or injured to assume jurisdiction and take the steps necessary to protect the child.'" (*In re L.W.* (2019) 32 Cal.App.5th 840, 849.)

Having concluded that substantial evidence supported the juvenile court's exercise of jurisdiction based on the petition's allegation of substance abuse, we need not consider whether

substantial evidence supported the allegation of violence. (*In re I.J.* (2013) 56 Cal.4th 766, 773.)

B. *Disposition Order*

Father next contends that even if the facts supported an assertion of jurisdiction over the children, there was insufficient evidence to support the juvenile court's disposition orders removing the children from father's physical custody or the orders that father participate in domestic violence counseling.

1. Removal

"The applicable statute, section 361, subdivision (c), '"is clear and specific: Even though children may be dependents of the juvenile court, they shall not be removed . . . unless there is clear and convincing evidence of a substantial danger to the child's physical health, safety, protection, or physical or emotional well-being *and* there are no 'reasonable means' by which the child can be protected without removal.'" [Citations.] [¶] . . . [¶]

"'On appeal from a dispositional order removing a child from a parent we apply the substantial evidence standard of review, keeping in mind that the trial court was required to make its order based on the higher standard of clear and convincing evidence.' ([*In re*] *Ashly F.* [(2014)] 225 Cal.App.4th [803,] 809; see *Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1005 ['when presented with a challenge to the sufficiency of the evidence associated with a finding requiring clear and convincing evidence, the court must determine whether the record, viewed as a whole,

8

contains substantial evidence from which a reasonable trier of fact could have made the finding of high probability demanded by this standard of proof'].)" (*In re I.R.* (2021) 61 Cal.App.5th 510, 520.)

The Legislature has found that a home free from substance abuse "is a necessary condition for the safety, protection and physical and emotional well-being of the child." (§ 300.2, subd. (a).) Here, substantial evidence supports the juvenile court's order removing the children from father's physical custody. Father had not addressed his substance abuse issues by the time of the disposition order. Further, although the children were able to quickly leave the house in advance of father's destruction of four televisions and a fireplace glass, they were present when father began his abusive and violent conduct on October 27, 2021. On this record, we conclude the court could find it highly probable that father's alcohol abuse would pose a substantial danger to the children's physical safety and the only reasonable means of protecting the children was removal from father's physical custody.

### 2. Domestic Violence Counseling

"'The juvenile court has broad discretion to determine what would best serve and protect the child's interests and to fashion a dispositional order accordingly. On appeal, this determination cannot be reversed absent a clear abuse of discretion.' [Citation.]" (*In re Natalie A.* (2015) 243 Cal.App.4th 178, 186.)

According to father, the juvenile court abused its discretion by ordering domestic violence counseling, as there was no finding that father had committed domestic violence. We reject father's

9

contention for multiple reasons.  First, "[t]he problem that the juvenile court seeks to address need not be described in the sustained section 300 petition.  [Citation.]  In fact, there need not be a jurisdictional finding as to the particular parent upon whom the court imposes a dispositional order." (*In re Briana V.* (2015) 236 Cal.App.4th 297, 311.)  Second, contrary to father's denial of prior domestic violence, mother reported that father had previously engaged in a domestic violence incident.  Third, father destroyed the family's property and but for mother's quick response in removing the children from the house, he would have engaged in such destruction in front of the children.  Accordingly, we find the court did not abuse its discretion by ordering father to complete domestic violence counseling as part of his case plan.

## IV.  DISPOSITION

The appeal regarding P.R. is dismissed as moot.  The jurisdiction and disposition orders regarding B.R. and J.R. are affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

RUBIN, P. J.

BAKER, J.

11