Filed 12/30/15  In re O.L. CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re O.L., a Person Coming Under the Juvenile Court Law. _____ LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>IVAN D.,<br><br>    Defendant and Appellant. | B264725<br><br>(Los Angeles County Super. Ct. No. DK08434) |

APPEAL from orders of the Superior Court of Los Angeles County, Philip Soto, Judge.  Affirmed as modified.

Nancy O. Flores, under appointment by the Court of Appeal, for Defendant and Appellant.

Mary C. Wickham, County Counsel, Dawyn R. Harrison, Assistant County Counsel, and William D. Thetford, Principal Deputy County Counsel for Plaintiff and Respondent.

_____

Ivan D. (father) appeals from the juvenile court's jurisdictional and dispositional orders regarding his seven-year-old son, O.L. Father challenges one of the court's jurisdictional findings – that his substance abuse endangered O.L. – as well as the court's order that father submit to random drug tests. We exercise our discretion to reach the merits of father's challenge to the substance abuse finding and conclude it is not supported by substantial evidence. With respect to the dispositional order, we conclude the court did not abuse its discretion in ordering father to submit to drug tests. We therefore modify the court's jurisdictional findings and affirm the dispositional order.

### FACTUAL AND PROCEDURAL BACKGROUND

In October 2014, O.L. was living with his mother, Rosa L. (mother), his two half-brothers, J.L. and A.M., and mother's boyfriend, Eric M., when the Department of Children and Family Services (Department) received a referral alleging the children were "dirty" and "d[id] not bathe." The Department investigated the report, and mother and Eric admitted that they used methamphetamines. The children were detained and placed in foster care.

Father told the Department social worker he had seen O.L. only six times because mother would not let him visit. He acknowledged he knew mother was "doing drugs," and said he had used crystal methamphetamines when he lived with her but had stopped in 2009. Father expressed interest in taking custody of O.L.

Father drug tested in December 2014 and tested positive for alcohol. When asked about the test, father said he had not been drinking "but that he is diabetic." In January 2015, father submitted to a second drug test and again tested positive for alcohol. A staff member at the laboratory told the social worker that "it was possible that if a person is diabetic then [] his sugar levels could show a 'positive test' . . . [because] Glucose + Bacteria could produce Ethanol which is alcohol . . . ." The staff member stated that in order to determine if father had consumed alcohol, he would have to submit to a blood test.

The Department filed a petition alleging the children were endangered by mother's and Eric's illicit drug use. The Department later amended the petition to further allege

2

that father "has a history of substance abuse of crystal methamphetamine and amphetamine," "on 12/31/14 and [01/09/15] he tested positive for Alcohol," and his "substance abuse and [] failure to protect the child [O.L.] from mother and mother's companion's substance abuse endangers the child's physical health, safety and well being, creates a detrimental home environment and places the child at risk of physical harm, damage and failure to protect."

The jurisdictional and dispositional hearing was held on February 25, 2015. The court struck the language in the petition regarding father's alcohol use. With respect to father's drug abuse, father's counsel argued there was no evidence father's past use of drugs endangered O.L. The court responded that "[father] has a history of drug use that gave him knowledge, and he knew about mother's drug use from his history, and their history together [but] did nothing to protect [O.L.]." The court sustained the petition's amended allegations and ordered father to submit to five random drug tests in the form of blood or hair follicle tests. Father timely appealed.

## CONTENTIONS

Father contends there was no substantial evidence his use of illicit drugs endangered O.L. He further contends the court abused its discretion in ordering him to submit to random drug tests.

## DISCUSSION

### 1. *Applicable Law*

Father contends that the challenged jurisdictional finding under Welfare and Institutions Code[1] section 300, subdivision (b)(1) is not supported by substantial evidence. Subdivision (b)(1) provides for jurisdiction when "[t]he child has suffered, or there is a substantial risk that the child will suffer, serious physical harm or illness, as a result of the failure or inability of his or her parent or guardian to adequately supervise or protect the child . . . . The child shall continue to be a dependent child pursuant to this

---

[1] All further statutory references are to the Welfare and Institutions Code.

3

subdivision only so long as is necessary to protect the child from risk of suffering serious physical harm or illness." (§ 300, subd. (b)(1).)

"A juvenile court may order children to be dependents thereof if the Department establishes by a preponderance of the evidence that allegations made pursuant to section 300 are true. [Citation.]" (*In re Matthew S.* (1996) 41 Cal.App.4th 1311, 1318.) We review the jurisdictional findings for substantial evidence and will affirm if "there is reasonable, credible evidence of solid value to support them. [Citations.]" (*Id.* at p. 1319.)

"The juvenile court has broad discretion to determine what would best serve and protect the child's interest and to fashion a dispositional order in accordance with this discretion. [Citations.]" (*In re Jose M.* (1988) 206 Cal.App.3d 1098, 1103-1104.) Whether a case plan provision was properly ordered is reviewed for abuse of discretion. (*In re Alexis E.* (2009) 171 Cal.App.4th 438, 454.) Abuse of discretion is found where the juvenile court's decision "exceeded the bounds of reason" and the determination was "arbitrary, capricious, or patently absurd[.]" (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318-319.)

2.      *The Merits of Father's Appeal Should Be Addressed*

Father concedes that substantial evidence supports the court's finding that he failed to protect O.L. from mother's and Eric's substance abuse, but he urges that there is no substantial evidence that his *own* past drug use endangered O.L. Because father challenges only one of several jurisdictional findings, his challenge does not go to the juvenile court's exercise of jurisdiction over O.L.: "As long as there is one unassailable jurisdictional finding," the juvenile court may still assert jurisdiction over a dependent child. (*In re Ashley B.* (2011) 202 Cal.App.4th 968, 979.) Nonetheless, this court retains discretion to consider the merits of father's appeal. (*In re D.C.* (2011) 195 Cal.App.4th 1010, 1015.)

Father asks us to exercise our discretion to review part of the court's jurisdictional finding against him on the ground that it could "be used against him in later hearings [] determining his son's placement." We agree. Because the finding that father's drug use

4

placed O.L. at risk of harm may be used against him in future dependency proceedings, we reach the merits of his appeal.

     3.    *The Challenged Jurisdictional Finding Was Not Supported by Substantial Evidence*

Father contends there is insufficient evidence to support the court's finding that his "substance abuse . . . endangers [O.L.'s] physical health, safety and well-being, creates a detrimental home environment, and places the child at risk of physical harm, damage and failure to protect." Although father acknowledges he used illicit drugs six years prior to the jurisdictional hearing, he contends there was no evidence he currently used drugs or that his drug use affected O.L.

The Department agrees there was no evidence father currently used drugs or that his drug use affected O.L. However, the Department argues that "it is clear from the juvenile court's explanation that its finding was not that father was a current user of methamphetamine and that his current use of drugs placed [O.L.] at risk . . . [T]he juvenile court noted that father's history of methamphetamine use gave him first-hand knowledge of how the drug impacted a parent's ability to provide appropriate care for a child and, therefore, made more culpable his failure to do something to protect [O.L.] from mother's and Eric's substance abuse."

The Department is correct that the court's remarks at the jurisdictional hearing indicated that father's past drug use was relevant to the extent such experience should have alerted father to mother's inability to properly care for O.L. when she was under the influence of methamphetamines. However, the sustained language in the petition does not reflect the court's oral explanation, but rather states that father's "substance abuse . . . endangered" O.L. This finding was not supported by substantial evidence.

Father had only seen O.L. six times during his life and father had last used drugs six years prior to the jurisdictional hearing. There was no evidence father's use of drugs impacted O.L. in any way or that such prior use affected O.L. at the time of the jurisdictional hearing. (See *In re Destiny S.* (2012) 210 Cal.App.4th 999, 1003 [illicit drug use, without more, is insufficient to support dependency jurisdiction]; *In re*

5

*David M.* (2005) 134 Cal.App.4th 822, 829 [jurisdiction was erroneously sustained under section 300, subdivision (b) when the evidence of parent's substance abuse "was never tied to any actual harm to" the children or "to a substantial risk of serious harm"].) Accordingly, we strike the jurisdictional finding that father's past drug use endangered O.L.

4.  *The Court Did Not Abuse Its Discretion in Ordering Father to Submit to Random Drug Tests*

Father contends the court abused its discretion in ordering him to submit to drug tests because it struck from the petition the finding that he had tested positive for alcohol. Father further contends that the two drug tests that were positive for alcohol did not show that he abused alcohol because "the sugar in [his] blood ostensibly indicated a false positive for alcohol." Lastly, father argues that even if he consumed alcohol, there was no evidence this behavior affected O.L. such that it could " 'support a finding [O.L.] [was] at risk of harm within the meaning of section 300, subdivision (b).' "

We do not agree that having stricken the jurisdictional finding as to father's alcohol use, the dispositional order for further drug testing necessarily constituted an abuse of discretion. Indeed, even in the absence of a jurisdictional finding against father, the juvenile court would have had the discretion to make a dispositional order as to father. As one court has explained: "The juvenile court may make 'all reasonable orders for the care, supervision, custody, conduct, maintenance, and support of the child.' (§ 362, subd. (a); *In re Jasmin C.* (2003) 106 Cal.App.4th 177, 180.) The problem that the juvenile court seeks to address need not be described in the sustained section 300 petition. (See *In re Christopher H.* (1996) 50 Cal.App.4th 1001, 1006-1008.) In fact, there need not even be a jurisdictional finding as to the particular parent upon whom the court imposes a dispositional order. [Citation.]" (*In re Briana V.* (2015) 236 Cal.App.4th 297, 311; see also *In re I.A.* (2011) 201 Cal.App.4th 1484, 1492 ["A jurisdictional finding involving the conduct of a particular parent is not necessary for the court to enter orders binding on that parent, once dependency jurisdiction has been established"].)

6

The juvenile court "has broad discretion to determine what would best serve and protect the child's interest and to fashion a dispositional order in accord with this discretion." (*In re Christopher H.*, *supra*, 50 Cal.App.4th at p. 1006.) Here, based on father's drug tests which indicated the presence of alcohol in his system, the court ordered father to submit to further drug testing. Although father argues that the drug tests were a false positive, the evidence did not establish such a conclusion. The evidence showed only that father's drug tests *might* have been falsely positive because father is a diabetic (he was prone to high glucose levels), which *could* generate a false positive result for alcohol. This hypothesis did not rule out the possibility that the alcohol identified by the drug tests had, in fact, been ingested by father rather than created by glucose in his system. Accordingly, the court ordered father to submit to "blood or hair follicle" tests in order to eliminate any false positives created by the presence of glucose in his system. This was a reasoned order made to ensure that father was not abusing alcohol. As father sought visitation with O.L. and was interested in obtaining custody of him, the order was made in the child's best interests.

There was also no requirement that the dispositional order be based on a sustained jurisdictional finding against father. That the order was based on evidence father had recently tested positive for alcohol was sufficient. Furthermore, that such evidence would be insufficient to support a sustained *jurisdictional* finding under section 300, subdivision (b) is irrelevant. Here, the court was only concerned with fashioning a *dispositional* order "for the care, supervision, custody, conduct, maintenance, and support of the child." (§ 362, subd. (a).)

## *DISPOSITION*

We modify the jurisdictional findings to strike the phase "[t]he [] father's substance abuse" from the last sentence of count b-3 of the first amended petition. As modified, the jurisdictional findings are affirmed. The dispositional order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

ALDRICH, J.

JONES, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8