Filed 11/13/23  In re K.C. CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| In re K.C. et al., Persons Coming Under the Juvenile Court Law. _____ Los Angeles County Department of Children and Family Services, Plaintiff and Respondent, v. R.M., Defendant and Appellant. | B324134 (Los Angeles County Super. Ct. No. 22CCJP02699A-C) |

APPEAL from an order of the Superior Court of Los Angeles County, Tara L. Newman, Judge.  Dismissed as moot.

Seth F. Gorman, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Veronica Randazzo, Deputy County Counsel, for Plaintiff and Respondent.

_____

Father, R.M., appeals from the juvenile court's jurisdiction and disposition orders finding his children, K.C. (born July 2005), Ra.M. (born May 2013), and Be.M. (born February 2015) (collectively, the children) to be persons described by Welfare and Institutions Code section 300.[1]  Father argues that the evidence did not support the jurisdictional findings.  His appeal, however, has been rendered moot by a subsequent petition independently establishing jurisdiction over the children, which father did not appeal.  We decline to exercise our inherent discretion to reach the merits.  Therefore, the appeal is dismissed as moot.

## FACTUAL AND PROCEDURAL BACKGROUND
### A.    Original Section 300 Petition

In May 2022, the Los Angeles County Department of Children and Family Services (Department) received a referral indicating father arrived at the family home intoxicated from alcohol.  As the family was preparing to leave the house that morning, Father and K.C. had an argument.  Father punched K.C.'s face with a closed fist, causing her glasses to fall off, because he thought she disrespected him.  Ra.M. and Be.M. were in a car about 20 feet away when the incident occurred.  After nonparty mother intervened, father left the home.  Mother then

---

[1]     All undesignated statutory references are to the Welfare and Institutions Code.

2

went to the police station and obtained an emergency-protective order against him.

Mother reported to law enforcement personnel that father was an alcoholic and she had multiple prior altercations with him. Mother later told a social worker that "father's behavior[ ] changes when he drinks, such as th[at] father can be very irritable, but he ha[d] never physically assaulted any of the children." Mother described his alcohol consumption as "excessive" and said he was "unable to control his intake."

Father admitted to drinking alcohol the night before the incident. He said he was hungover but not drunk that morning and had partaken in "five days of partying and drinking." He claimed he became defensive with K.C. because he thought, albeit mistakenly, she called him a "dead ass."

The Department found that while the family was cooperative, the incident and father's drinking issues were serious. The Department also noted mother believed an open case and court order would ensure her family got the help they needed. The Department filed a section 300 petition on the children's behalf.

At the adjudication hearing in September 2022, the juvenile court sustained an amended petition pursuant to section 300, subdivision (b)(1). The court found true allegations that father physically abused K.C. and that father's alcohol abuse rendered him incapable of providing Ra.M. and Be.M. with regular care and supervision, placing the children at risk of serious physical harm. The court ordered, "Pursuant to §360(b) of the Welfare and Institutions Code, minor[s are] person[s] described under §300 of the Welfare and Institutions Code, and minor[s] and or parent(s) or guardian(s) are placed under [the

3

Department's] supervision for a period consistent with §301 of the Welfare and Institutions Code." The children were released to the parents, with the parents being ordered to participate in services. Father timely appealed.

## B.     Post-Appeal Proceedings and Subsequent Petition

In February 2023, the Department filed a section 342 subsequent petition based on new facts alleging the children were at substantial risk of suffering serious harm under section 300, subdivisions (a), (b)(1), and (j). The Department concurrently filed a section 360, subdivision (c) petition alleging the parents failed to participate in court-ordered services.

In May 2023, the juvenile court sustained the subsequent petition, amended by interlineation, based upon events that happened since the original petition was filed. The subsequent petition not only included new allegations of the parents engaging in violent altercations in the children's presence, but also allegations concerning more recent incidents where father repeatedly hit K.C.'s face and was under the influence of alcohol while the children were under his supervision and care. The court also sustained the section 360 petition. The children were removed from father and ordered placed in mother's home. Additionally, in July 2023, the court terminated its jurisdiction over K.C. after the Department recommended the court do so because she turned 18 years old.[2]

---

[2]     We grant the Department's request for judicial notice of the section 342 subsequent petition, the section 360 petition, the last-minute information report filed with the juvenile court, and the court's orders following father's notice of appeal. (Evid. Code, §§ 452, subd. (d), 459.)

## DISCUSSION

### A. Father's Appeal is Moot

The Department requests that we dismiss father's appeal. It contends the appeal was rendered moot by the juvenile court finding the children are persons described by section 300 based on new and independent facts pursuant to the section 342 subsequent petition. Father argues that his appeal is not moot because if the original jurisdictional findings are reversed, the order sustaining the subsequent petition necessarily fails. We disagree.

"A court is tasked with the duty "'to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."'" (*In re D.P.* (2023) 14 Cal.5th 266, 276.) "A reviewing court must "'decide on a case-by-case basis whether subsequent events in a juvenile dependency matter make a case moot and whether [its] decision would affect the outcome in a subsequent proceeding."'" (*Ibid.*) "A case becomes moot when events "'render[ ] it impossible for [a] court, if it should decide the case in favor of plaintiff, to grant him any effect[ive] relief.'" [Citation.] For relief to be 'effective,' two requirements must be met. First, the plaintiff must complain of an ongoing harm. Second, the harm must be redressable or capable of being rectified by the outcome the plaintiff seeks. [Citation.]" (*Ibid.*) In a dependency case, "relief is effective when it 'can have a practical, tangible impact on the parties' conduct or legal status.' [Citation.]" (*Id.* at p. 277.)

"In dependency proceedings, the basic pleading device to assert a child falls within the juvenile court's jurisdiction is a

petition. [Citation.] 'It may be an original petition (§ 332), a subsequent petition for children who are already dependents when there are "new facts or circumstances" that bring them within a category of section 300 "other than those under which the original petition was sustained" (§ 342), or a supplemental petition when there are facts which indicate that a previous disposition is not appropriate. (§ 387.)'" (*In re A.B.* (2014) 225 Cal.App.4th 1358, 1364.)

"'When a dependency petition alleges multiple grounds for its assertion that a minor comes within the dependency court's jurisdiction, a reviewing court can affirm the juvenile court's finding of jurisdiction over the minor if any one of the statutory bases for jurisdiction that are enumerated in the petition is supported by substantial evidence. In such a case, the reviewing court need not consider whether any or all of the other alleged statutory grounds for jurisdiction are supported by the evidence.'" (*In re I.J.* (2013) 56 Cal.4th 766, 773; see also *In re Ashley B.* (2011) 202 Cal.App.4th 968, 979 ["[a]s long as there is one unassailable jurisdictional finding, it is immaterial that another might be inappropriate"].)

In *In re A.B.*, a parent appealed from orders finding jurisdiction under an original and subsequent petition. (225 Cal.App.4th at pp. 1363–1364.) No effective relief could be provided by reversing jurisdiction under the original petition "because jurisdiction was established independently under the subsequent petition on entirely new and independent facts." (*Id.* at p. 1364.) The Court of Appeal held, "[a]ll procedures and hearings required for an original petition are required for a subsequent petition and are conducted under the same rules." (*Ibid.*) "[S]o long as the jurisdictional finding under the

subsequent petition is supported by substantial evidence, reversal of the jurisdictional finding under the original petition would be futile." (*Ibid.*)

Here, father challenges only the findings made on the original petition; however, the allegations against father in the section 342 subsequent petition provide an independent basis for finding jurisdiction over the children. Father did not appeal from the subsequent petition, and he does not dispute his time to do so has expired. Moreover, the findings made under the subsequent petition were not dependent on the original jurisdiction findings and orders. Consequently, reversal of the original jurisdictional findings would not affect whether any of the children are dependents of the court, and thus, reversal would be futile. (*In re A.B.*, *supra*, 225 Cal.App.4th at p. 1364; see also *In re Ashley B.*, *supra*, 202 Cal.App.4th at p. 979.)

The cases that father relies on in arguing that the findings made under the subsequent petition must fail are inapposite. In each case, an initial section 300 petition was found insufficient to establish juvenile court jurisdiction, but none involved a section 342 subsequent petition providing an independent basis for jurisdiction. (See e.g., *In re R.M.* (2009) 175 Cal.App.4th 986; *In re Destiny S.* (2012) 210 Cal.App.4th 999; *In re Janet T.* (2001) 93 Cal.App.4th 377.) They did not affect the juvenile court's jurisdiction. (Cf. *In re Joshua C.* (1994) 24 Cal.App.4th 1544, 1548 ["As the jurisdictional findings are the basis for the restrictive visitation and custody orders, error in the former undermines the foundation for the latter"]; *In re Travis C.* (2017) 13 Cal.App.5th 1219, 1225 ["Section 342 requires the trial court to determine whether newly[-]alleged facts or circumstances

establish jurisdiction independent of facts alleged in the section 300 petition"].)

Accordingly, father's challenge as to the jurisdictional findings under the original petition was rendered moot by the court's findings under the section 342 subsequent petition, as "jurisdiction was established independently under the subsequent petition on entirely new and independent facts."[3] (*In re A.B., supra,* 225 Cal.App.4th at p. 1364.)

## B. Discretionary Review of Father's Moot Appeal is Not Warranted

Father asserts we should exercise our discretion to reach the merits of the moot appeal. We conclude exercise of our discretion is not warranted.

"Even when a case is moot, courts may exercise their 'inherent discretion' to reach the merits of the dispute. [Citation.]" (*In re D.P., supra,* 14 Cal.5th at p. 282.) "As a rule, courts will generally exercise their discretion to review a moot case when 'the case presents an issue of broad public interest that is likely to recur,' 'when there may be a recurrence of the controversy between the parties,' or 'when a material question remains for the court's determination.' [Citations.]" (*Ibid.*)

---

[3] Regarding K.C., she is now 18 years old, and the juvenile court has terminated its jurisdiction over her. The termination of dependency jurisdiction generally renders an appeal of previous orders moot. (*In re C.C.* (2009) 172 Cal.App.4th 1481, 1488.) While mootness for this reason should be evaluated on a case-by-case basis, father has not identified any relief we could grant him as to K.C. now that she has reached the age of majority. (See *In re Jessica K.* (2000) 79 Cal.App.4th 1313, 1316.)

The Supreme Court has provided a non-exhaustive list of factors to be considered when deciding "whether a court should exercise discretionary review of a moot appeal." (*In re D.P.*, *supra*, 14 Cal.5th at p. 286.) First, a court deciding whether to exercise discretionary review may consider "whether the challenged jurisdiction finding 'could be prejudicial to the appellant or could potentially impact the current or future dependency proceedings,' or '"could have other consequences for [the appellant] beyond jurisdiction."'" (*Id.* at p. 285.) Second, the exercise of discretionary review "may also be informed by whether the jurisdictional finding is based on particularly pernicious or stigmatizing conduct." (*Id.* at pp. 285–286.) Third, a court may consider whether the case became moot due to prompt compliance by parents with their case plan. (*Id.* at p. 286.) "[N]o single factor is necessarily dispositive of whether a court should exercise discretionary review of a moot appeal." (*Ibid.*)

Although father generally contends the adverse jurisdiction findings may affect future family law or dependency proceedings, or that they could impact the children's placement and his finances, father does not identify specific consequences or prejudice he could suffer. Further, the challenged findings were based on father's alcohol abuse and physical abuse of K.C. While these issues are serious, the juvenile court made new jurisdictional findings as to the children, and regardless of our ruling, these findings again involving father's alcohol abuse and his physical abuse of K.C. will remain. This is also not a case that became moot due to prompt compliance with a case plan.

No other factor supports reaching the merits. While *In re D.P.* stated it may serve the interest of justice to review a moot

appeal "[w]here a case is moot because one parent appealed and not the other," this is not an appeal that became moot because only one parent appealed.  (*In re D.P.*, *supra*, 14 Cal.5th at p. 286.)  Although father asserts this case involves issues of broad public interest, as the question of what constitutes "substance abuse" for purposes of dependency jurisdiction is pending before the Supreme Court (*In re N.R.* (April 29, 2022, B312001) [nonpub. opn.], review granted Aug. 24, 2022, S274943), father does not assert it is necessary to clarify the law to resolve his appeal.  Father's appeal is fact-specific as to the findings against him, and he does not show that a material question remains between the parties.  On balance, the factors identified in *In re D.P.* do not warrant discretionary review of the moot appeal.

## DISPOSITION

The appeal is dismissed as moot.

MORI, J.

We concur:

COLLINS, Acting P. J.

ZUKIN, J.

10